# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

## PACER Cover Sheet
## for Electronically Filed Documents

Any data shown here are current as of 06/10/06. Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

**Case Title:** Daniel William Cook, et al. v. Garrett Capital, et al.

**Case Number:** 04-01240

### Document Information

**Description:** Order Denying [24-1] Motion For Default Judgment by Daniel William Cook, Yolanda T. Cook.

**Received on:** 2005-02-11 14:12:38.000

**Date Filed:** 2005-02-11 00:00:00.000

**Date Entered On Docket:** 2005-02-11 00:00:00.000

### Filer Information

**Submitted By:** James Burke

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
DANIEL WILLIAM COOK
and YOLANDA COOK,
    Debtors.     No. 11-04-17704 SA

DANIEL WILLIAM COOK, et al.,
    Plaintiff,

v.     Adv. No. 04-1240 S

GARRETT CAPITAL, et al.,
    Defendant.

## ORDER DENYING MOTION FOR DEFAULT
## JUDGMENT AGAINST WELLS FARGO BANK, NA

This matter came before the Court for a pretrial conference on February 8, 2005. Plaintiffs are self-represented. Defendants Garrett Capital, Scott Garrett, Catherine F. Davis and Hunt & Davis, P.C. appeared through their attorneys Catherine F. Davis and Julie J. Vargas. Defendant Wells Fargo Bank, N.A., appeared through its attorney Sutin, Thayer & Brown (Jay D. Hertz and Michelle Ostrye). One matter pending on the docket was Plaintiffs' Motion for Default Judgment (doc. 24). The Court ruled that this Motion would be denied. This Order is entered pursuant to that ruling.

**FACTS**

1. Plaintiffs filed this adversary complaint on December 7, 2004.

2.  The Court issued a summons on December 9, 2004.

3.  Plaintiffs served Wells Fargo by mail on December 13, 2004.

4.  On January 10, 2005, Wells Fargo filed a Motion to Abstain (doc. 15), a Memorandum in Support of Abstention (doc. 16), and a Motion to Stay this adversary proceeding pending a ruling on the abstention motion (doc. 17).

5.  Plaintiff's Motion for Default Judgment states [sic]:

    > Trustees moves the Court consider entering a Default Judgment should Wells not file a responsive pleading in accordance with Rule 7 within 20 days.  Wells has not yet responded in accordance with Rule 1011 of the Bankruptcy Code and Rule 12 of F.R.Civ.P.  Therefore a motion for a Default Judgment is requested should Wells not file a responsive pleading to the Complaint or to Trustees amended Complaint as the case may be.

**CONCLUSIONS OF LAW**

1.  The Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") govern procedure in cases under the Bankruptcy Code.  Fed.R.Bankr.P. 1001.

2.  Part VII of the Bankruptcy Rules (Rules 7001-7087) govern "Adversary Proceedings."  Many of these Rules adopt the Federal Rules of Civil Procedure, <u>see, e.g.</u> Bankruptcy Rule 7003 ("Rule 3 F.R.Civ.P. applies in adversary proceedings.")  Others adopt parts of the Federal Rules of Civil Procedure, <u>see, e.g.</u> Bankruptcy Rule 7004(a)

Case 04-01240-s    Doc 30    Filed 02/11/05    Entered 02/11/05 16:45:00 Page 3 of 7

("Rule 4(a), (b), (c)(1), (d)(1), (e)-(j), (l), and (m) F.R.Civ.P. applies in adversary proceedings.") Other 7000 series Bankruptcy Rules do not adopt the Federal Rules of Civil Procedure, see, e.g. Bankruptcy Rule 7012(a) ("If a complaint is duly served, the defendant shall serve an answer within 30 days after the issuance of the summons, except when a different time is prescribed by the court.") Compare Fed.R.Civ.P. 12(a) ("Unless a different time is prescribed in a statute of the United States, a defendant shall serve an answer ... within 20 days after being served with the summons and complaint.")

3. Under Bankruptcy Rule 7012(a), Wells Fargo had 30 days from the issuance of the summons to respond to the complaint.

4. The summons was issued on December 9, 2004, and the 30th day after issuance was January 9, 2005 (a Sunday). If a deadline occurs on a Saturday, Sunday or legal holiday, the deadline is automatically extended to the next business day. Bankruptcy Rule 9006(a). Therefore, Wells Fargo's deadline was January 10, 2005.

5. On January 10, 2005 Wells Fargo filed its Motion to Stay proceedings pending a ruling on its abstention motion

Page -3-

pursuant to Bankruptcy Rule 5011(c). That rule provides, in part:

> The filing of a motion for ... abstention ... shall not stay the administration of the case or any proceeding therein before the bankruptcy judge except that the bankruptcy judge may stay, on such terms and conditions are as proper, proceedings pending disposition of the motion.

6. Bankruptcy Rule 9006(b) provides, in part:

> [w]hen an act is required ... to be done at or within a specified period by these rules ... the court for cause shown may at any time in its discretion ... order the period enlarged if the request therefor is made before the expiration of the period originally prescribed.

7. Wells Fargo's Motion to Stay serves as a motion to stay the proceedings, but also necessarily serves as a request for enlargement of time to file any response.

8. Bankruptcy Rule 7055 adopts Fed.R.Civ.P 55 for defaults. Rule 55(a) states "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."

9. Wells Fargo did not fail to plead or defend timely, and entry of default would not be proper[1].

---

[1] The Court observes that had Wells Fargo only filed a Motion to Abstain in response to the complaint, that may not
(continued...)

Case 04-01240-s    Doc 30    Filed 02/11/05    Entered 02/11/05 16:45:00 Page 5 of 7

10. Plaintiffs' citation of certain rules in their Motion for Default Judgment is not correct. Bankruptcy Rule 1011 applies only to involuntary petitions and petitions commencing cases ancillary to foreign proceedings. An adversary is neither. And, while Federal Rule 12(a) sets a 20 day deadline for answers, Bankruptcy Rule 7012(a) sets a 30 day deadline.

**IT IS ORDERED** that Plaintiffs' Motion for Default Judgment (doc. 24) is denied.

Honorable James S. Starzynski
United States Bankruptcy Judge

---

[1](...continued)
have been sufficient to avoid default. Bankruptcy Rule 7012(b) adopts Fed.R.Civ.P. 12(b)-(h). Under Rule 12(b), certain motions can be filed in response to a complaint, e.g., motions regarding jurisdiction, service, failure to state a claim. Motions to abstain are not on the list of optional motions in Rule 12(b). Furthermore, Bankruptcy Rule 5011(c) provides that a motion to abstain does not normally stay a case. See Littenstein v. Dorcich (In re Littenstein), 35 B.R. 123, 124 (9th Cir. BAP 1983)(suggesting that a motion to abstain may not be a proper response under former Rule 712(b).); Container Transport, Inc. v. Scott Paper Co. (In re Container Transport, Inc.), 86 B.R. 804, 808 n.4 (E.D. Pa. 1988)("The Defendant therefore should have filed its Answer and the case should have proceeded as if the Motion for Abstention had never been filed, unless a stay had been entered, by the terms of B.Rule 5011(c).")

I hereby certify that on February 11, 2005, a true and correct copy of the foregoing was electronically transmitted, faxed, delivered, or mailed to the listed counsel and/or parties.

Daniel William Cook
5101 Eakes Road NW
Albuquerque, NM 87107

Yolanda T. Cook
5101 Eakes Road NW
Albuquerque, NM 87107

Catherine F Davis
PO Box 30088
Albuquerque, NM 87190-0088

Jay D Hertz
PO Box 1945
Albuquerque, NM 87103-1945

Julie J Vargas
PO Box 30088
Albuquerque, NM 87190-0088

*James E. Burke*